# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GEORGE ARDIZZONE**, <br><br> Petitioner, <br><br> v. <br><br> **JEFF PREMO,** Superintendent, Oregon State Penitentiary, <br><br> Respondent. | Case No. 6:16-cv-2278-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on May 6, 2019. ECF 46. Magistrate Judge Russo recommended that Petitioner's Petition for Writ of Habeas Corpus be denied and that no Certificate of Appealability be issued.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court

PAGE 1 – ORDER

must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

For those portions of Magistrate Judge Russo's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

Petitioner timely filed an objection. ECF 48. Petitioner objects to Magistrate Judge Russo's recommendation that Ground Two of the Petition be denied, in which Petitioner argues that he received ineffective assistance of counsel at his state court trial when his trial attorney did not move to suppress the telephone call that was recorded without law enforcement first obtaining a warrant. Petitioner also objects to the recommendation that a Certificate of Appealability not be issued on this ground.

Petitioner argues that trial counsel, the prosecuting attorney, the post-conviction relief ("PCR") court, and the Findings and Recommendation all do not appreciate the importance of the fact that Oregon Revised Statute ("ORS") § 133.726 has two requirements for a warrantless recorded telephone call: (1) that one party to the recorded telephone call be under police supervision, and (2) that there be exigent circumstances. Petitioner argues that trial counsel expressly explained that his failure to move to suppress the telephone calls was because one party to the telephone calls was a cooperating police witness under police supervision, and this completely disregarded the exigent circumstance requirement. Petitioner notes that the

prosecuting attorney repeatedly argued to the PCR court that because one party to the call was under police supervision, § 133.726 applied and was "in the face" of defense counsel, which again ignored the exigency requirement of the statute.

The PCR court then concluded that defense counsel did not provide ineffective assistance in failing to move to suppress because "he felt that he would not prevail. Obviously, the statute [ORS § 133.726] was directly in his face, as [the prosecutor] pointed out." Petitioner argues that the PCR court's conclusion either did not apply Oregon law because it did not discuss or apply the requirement of exigency in ORS § 133.726, or the PCR court implicitly found that exigent circumstances existed and was wrong on the facts. Either way, argues, Petitioner, the matter is ripe for this Court's collateral review. Petitioner asserts that if the PCR court did not apply Oregon law, then the admonition that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), does not apply. Instead, Petitioner asserts that "[w]hen a decision-maker purports to rely on an exercise of . . . judgment that never happened, there is nothing to which the court[] can defer." *Motor Vehicle Manufacturers' Assn of the U.S., Inc., v. State Farm*, 463 U.S. 29, 55 (1983).

Alternatively, Petitioner argues that if the PCR court implicitly found exigent circumstances, then such a finding would have been "an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner argues this is because at no time was there any "immediate threat to persons, property, or law enforcement efforts" or threatened conduct that "without swift action, likely would have immediate consequences to persons, property, or law enforcement operations" which is required to show exigent circumstances. *State v. Miskell*, 351 Or. 680, 696, 698 (2012). Petitioner notes

that before the first recorded call, the police knew only that Petitioner had allegedly hired someone to at first beat up, later amended to abduct and kill, the alleged victim, and that the killing was supposed to happen by the night after the police became aware of the alleged solicitation. Petitioner argues that this information does not show exigent circumstances. During the first recorded call, Petitioner reiterated his desire that the victim be killed, requested that she be "grabbed" the "next day," and made comments that if the hired hitman would not do the job, Petitioner would come to Portland from Seattle and do it himself. The police pinged Petitioner's cell phone and confirmed that he was in Seattle. The police then brought the victim into protective custody, where she remained until Petitioner was arrested. Petitioner argues that his general comments that he would do the job himself if the hired hitman would not do the job were not concrete threats of immediate action because the hitman was playing along and Petitioner was expecting the hitman to do the job the next day. Petitioner further argues that even if Petitioner's comments could be construed as threats of actions he intended to take right away, because Petitioner was hours away in Seattle and the police placed the victim in protective custody, there was no immediate danger and thus no exigent circumstances.

The Court finds that the PCR Court implicitly found exigent circumstances. Petitioner has not shown by clear and convincing evidence that this finding was erroneous. 28 U.S.C. § 2254(e)(1).

The Court agrees with and adopts Magistrate Judge Russo's analysis of the "doubly-deferential" review of this Court in analyzing claims of ineffective assistance of counsel that have already been decided by the State court and affording the State court the benefit of the doubt. Accordingly, the Court adopts the Findings and Recommendation's analysis and conclusions regarding Ground Two of the Petition.

The standard for issuing a COA is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Although the Court has found that Petitioner did not show by clear and convincing evidence that there were no exigent circumstances, and thus that the State court did not issue a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding, reasonable jurists could debate this conclusion. Moreover, reasonable jurists could debate whether the PCR Court properly applied the *Strickland* factors and thus whether it issued a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Accordingly, the Court will issue a Certificate of Appealability on Ground Two.

## CONCLUSION

The Court ADOPTS IN PART Judge Russo's Findings and Recommendations (ECF 46), as supplemented herein. Petitioner's habeas corpus petition is DISMISSED. The Court issues a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2) on Ground Two, Petitioner's claim of ineffective assistance of counsel based on his trial court counsel's failure to move to suppress the recorded telephone calls. The Court declines to issue a Certificate of Appealability on Petitioner's other claims because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

DATED this 15th day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge